MEURER STEEL BARREL CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11624.   Promulgated April 13, 1928.

*Melvin G. Palliser, Esq.*, for the petitioner.
*J. L. Backstrom, Esq.*, for the respondent.

OPINION.

SMITH: It is the contention of the petitioner that it sustained a loss in 1921 of the difference between the cost of securities to Meurer Brothers, Inc., an affiliated corporation, which were turned over to the stockholder owning all of such affiliated corporation's

preferred stock on May 31, 1921, and the market value thereof on that date, at which time the affairs of the affiliated corporation were in process of liquidation; that the transaction was a sale of the securities to the stockholder at the market price. It is also contended on behalf of the petitioner that if the securities had been sold at the market price the corporation would clearly have had a loss which was deductible from gross income; and that the transaction which actually took place must be considered a bona fide sale to Margaret C. Meurer.

The evidence relied upon by the petitioner to support its contention that the sale was a bona fide sale, aside from certain entries made on the books of account referred to in the findings of fact, is certain testimony given by Andrew Meurer, which is as follows:

Q. Were you present at an interview on May 31, 1921, between Jacob Meurer, yourself and Mrs. Margaret C. Meurer?

A. Yes, sir.

Q. What was done and what was said at that interview?

A. Well, she told me that my brother had the securities, and he had decided to sell them to his wife, Margaret C., who had the securities there at that time, and turned them over to his wife.

Q. Did she take them way?

A. Yes, sir.

Q. Was anything said about the price at which she was to take them?

A. He said at the market price.

Q. And was anything said as to how or when they were to be paid for?

A. Not at that time.

Although the petitioner does not question that Meurer Brothers, Inc., was in process of liquidation from about January 1, 1921, it is contended that the officers of the corporation had not decided to dissolve it until after May 31, 1921, and the fact that the account standing on the books against Margaret C. Meurer was canceled on June 3, 1921, in consideration of her turning over her shares of preferred stock in the corporation, has no bearing upon the question of the alleged sale.

From a consideration of the entire record we are of the opinion that the evidence does not warrant a finding that this was a bona fide sale of the securities to Margaret C. Meurer. It had been determined in the latter part of 1920, or early in 1921, that Meurer Brothers, Inc., should be liquidated. The assets of the corporation amounted to less than the par value of the preferred stock held by Margaret C. Meurer. The preferred stock was preferred as to dividends and as to assets, and if it had been the intention at the time the securities were turned over to Margaret C. Meurer that she should pay for them what would the corporation have done with the money? Clearly it would simply have turned it back to her. The corporation was quiescent during 1921 and transacted no business.

In view of this fact we think that the delivery of the securities to Margaret C. Meurer was in effect a dividend in liquidation. Subsequent events indicate that this was the intention on May 31; for three days later all of the remaining assets of the corporation were turned over to Margaret C. Meurer and she turned over her shares of stock to the corporation upon consideration that the charges made against her be canceled.

We are of the opinion that the decision of the Board in *Rubay Co.*, 9 B. T. A. 133, is controlling here. In that decision the Board held that a purported sale of the petitioner's assets to its president was not a bona fide sale thereof upon which a deductible loss might be claimed. In that case we said:

In its brief the petitioner urges that we must confine our inquiry solely to the question as to whether a transfer of the assets took place, disregarding all other elements. In other words, we are adjured to follow the form and not the substance of the transaction, that is, look only to the formalities observed in carrying out the sale. This we decline to do. The principle that the form must be disregarded in such a transaction is too well established to call for the citation of authority.

To the same effect is the decision in *Benjamin H. Read*, 6 B. T. A. 407. Read, who owned 494 shares of the 500 shares outstanding of Lynah & Read, Inc., decided in 1920 to dissolve a corporation. He purchased the assets of the corporation and assumed its liabilities and, on October 11, 1920, the corporation was dissolved. Read contended before the Board that the purchase of the corporate assets and the dissolution constituted two separate and distinct transactions. We held, however:

From the facts disclosed by the record, there is little doubt that the purchase of the assets of Lynah & Read, Inc., by the petitioner was merely a step in the dissolution of the corporation and was in effect a mere matter of form.

See also *Clarence LeBus*, 1 B. T. A. 733.

*Judgment will be entered for the respondent.*